IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERNEST R. BRYANT,
THE ESTATE OF MITCHELL L. COCKMAN
by Personal Representative Elaine Cockman,
DAVID H. DAVENPORT, JR.,
HIRAM T. DAVIDSON, SR., CARROLL W. GARNER,
JERRY W. HINSON, BOBBY C. LAMBERT,
JOHN S. McIVER, RUSSELL D. PAIT,
ESTATE OF JERRY M. SNEAD
by Personal Representative Linda C. Snead,
A.B. STRICKLAND, MATTHEW STROMAN, JR.,
GREGORY C. WARNOCK, LLOYD D. WHEELER,
and JAMES R. WILLIAMS,

      Plaintiffs,

v.                          Civil Action No. 5:09CV61
                                    (STAMP)

PROVOST & UMPHREY LAW FIRM, L.L.P.,
RODNEY B. BARNWELL, ESQ.,
MATTHEW C. MATHENY, ESQ.,
MATTHEW WILLIS, ESQ.,
LAW OFFICES OF DAVID E. BERNSEN, P.C.,
DAVID E. BERNSEN, ESQ.,
EDWARD SHUFF COOK, ESQ.,
DONALD F. RUZICKA, ESQ.
and JOHN DOES 1-10,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING AS FRAMED THE DEFENDANTS' MOTION TO SEVER**

I.  Procedural History

The plaintiffs filed their complaint against the defendants in this Court on June 3, 2009. On November 17, 2009, defendants Provost & Umphrey Law Firm, L.L.P., Rodney B. Barnwell, Esq., Matthew C. Matheny, Esq., Matthew Willis, Esq., Law Offices of David E. Bernsen, P.C., and David E. Bernsen, Esq. filed a motion to sever to which the plaintiffs responded and these defendants

replied. On November 24, 2009, defendant Edward Shuff Cook, Esq., filed a motion for joinder in the motion to sever.

After consideration of the law on the issues presented and the briefs in support and in opposition to the motions, the defendants' motion to sever is denied.

## II.   Facts Alleged

The defendants in this case represented one or more of the fifteen individual plaintiffs in this civil action in a workplace injury law suit against CSX Transportation, Inc. ("CSX"). The plaintiffs brought their suit pursuant to the Federal Employers' Liability Act ("FELA"). The plaintiffs state that each plaintiff's case was congregated or re-filed in the Circuit Court of Marshall County, West Virginia. In the underlying FELA action, the plaintiffs alleged that they suffered "lower extremity injuries" because CSX allegedly subjected each plaintiff to walk on large ballast in rail yards during their employment with CSX. It is further alleged that the defendants represented the plaintiffs "in mass," using the same liability theories and relying upon the same evidence of alleged wrongful behavior by CSX and claiming similar physical injuries. The plaintiffs allege that the defendants engaged in legal malpractice in the handling of their claims.

III. Discussion

The defendants argue that pursuant to Federal Rule of Civil Procedure ("Rule") 21, this Court should sever this civil action into fifteen independent suits because they believe that the claims do not arise from the same transaction or occurrence. While a court has "broad discretion on a requested severance under Rule 21," Rule 21 is "silent on the standard applicable for determining misjoinder . . ." Carbon Fuel Co. v. USX Corp., 867 F. Supp. 414, 419 (S.D. W. Va. 1994). "[F]ederal courts have uniformly held that misjoinder occurs when a single party or multiple parties fail to satisfy the conditions for permissive joinder set forth in [Rule] 20(a)." John S. Clark, Co., Inc. v. Travelers Indem. Co. of Ill., 359 F. Supp. 2d 429, 437 (M.D.N.C. 2004). Therefore, Rule 21 applies when "the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present some common question of law or fact." Carbon Fuel Co. 867 F. Supp. at 419 (internal quotations omitted).

Here, the defendants argue that each plaintiff's claim relies upon the underlying and individualized legal representation of each individual defendant. However, the plaintiffs contend that there are significant reasons for this Court not to sever, including judicial economy, consistency in verdicts, and expediency and non-duplication of discovery. The plaintiffs note that the same doctor diagnosed and treated many of the plaintiffs. Additionally, all of

the plaintiffs worked for CSX and believe they will likely present the same factual basis for the liability of CSX under FELA. Further, the plaintiffs state they plan to rely on one expert on the issue of the defendants' alleged malpractice. Finally, the plaintiffs believe that severance will cause a substantial increase in litigation costs and consume more attorney and court time.

The defendants cite Haught v. Louis Berkman, LLC, W. Va., 2004 U.S. Dist. LEXIS 28456. However, this present civil action can be distinguished. In Haught, this Court severed a gender discrimination suit where each plaintiff's case involved distinct factual circumstances. The only common element in that case was that the incidents occurred within the same facility, which was under the direction of the same male executives. In contrast, this civil action involves not only the same employer, but also the same type of lower extremity injury, the same medical treating physician, the same expert on legal malpractice, and importantly, the same factual basis for liability.

The defendants' motion to sever must be denied. Accordingly, this civil action remains consolidated for discovery and other pre-trial purposes. This Court believes that consolidation of the discovery and pleadings will benefit the parties and serve the interests of judicial economy. See United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966)("Under the Rules, the impulse is toward entertaining the broadest scope of action consistent with fairness

to the parties; joinder of claims, parties and remedies is strongly encouraged"); Szanty v. Beech Aircraft Corp., 349 F.2d 60, 66 (4th Cir. 1965) ("[i]t is federal policy to encourage joinder in multi-party actions . . ."). Further, if after discovery the defendants believe that severance of a trial or trials is necessary, the defendants may file another motion to sever the plaintiffs' claims at trial. Therefore, to the extent that this motion requests that this Court sever this action into separate trials, it is denied without prejudice.

## IV. Conclusion

For the reasons stated above, the defendants' motion to sever is DENIED as framed.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    December 30, 2009

>                          /s/ Frederick P. Stamp, Jr.
>                          FREDERICK P. STAMP, JR.
>                          UNITED STATES DISTRICT JUDGE